FERRY CASE. **Lexington, Harrodsburg and Perryville Turnpike Road Co. *vs* McMurtry.**

ERROR TO THE JESSAMINE COUNTY COURT.

*Case* 138.                    *Turnpike Roads. Ferries.*

*May* 31.        JUDGE MARSHALL delivered the opinion of the Court.

The charter of the Lexington, Harrodsburg and Perryville T. P. Road Company. does not vest in the Company the exclusive right of ferry on the Kentucky, but only authorizes the County Court to grant the privilege to the Company, where the road crosses.

THE act of February, 1841, amending the charter of the Lexington, Harrodsburg and Perryville Turnpike Company, does not, in our opinion, vest in said Company the exclusive right of ferry. In terms, it only makes it lawful for the County Court of Jessamine to grant to said Company the power of establishing a ferry across the Kentucky river, where the said road crosses the same. Language more definite and absolute would doubtless have been used, if it had been intended either that the said Company should have the ferry, at their election, in preference to all others, or that no one else should have it, whether they desired it or not.

The condemnation of land for a turnpike road, does not vest the title, but only the use thereof, in the Company.

The statute certainly invests the Company with the right of receiving the ferry, should the County Court of Jessamine think proper to grant it to them. If they were to be regarded as the owners of the land over which their road passes, down to the water's edge, they would, under the general statutes on the subject, have the preference. But although the land has been condemned, by legal proceeding, to the use of the Company, for the purposes of the road, they are not the owners: but the title and own-

ership of the land remains and passes from one to another, by the ordinary modes of transmission, distinct from, though subject to the rights which the Company acquired by the condemnation. They are the owners of the road as a road, but not the *owners* of the ground or land over which it passes. Their ownership of the road does not vest in them, nor take from the owner of the land any right but such as is essential to the proper enjoyment of their own right as owners of the road. And that the exclusive right of ferriage or of transporting, for toll, persons and things across the river, from the sections of their road upon its opposite banks, is not to be deemed essential to the proper enjoyment of their ownership of the road, is manifest from the facts: 1st. That the charter does not provide for such an exclusive privilege. 2d. That it was thought necessary to pass the amendatory act in order to invest them with the right of even receiving the grant of the ferry privilege. And 3d. That the amendatory act itself refers to a Bridge Company, as having been incorporated for the purpose of erecting a bridge at the same point.

But the Company, though not properly the owners of the land, nor exclusively entitled, on any ground, to the right of ferry, have still, as owners of the road, such an interest in the land which is covered by the road, and also in the means of transportation across the river, whereby it is to be made one continuous way, as distinguishes them, decidedly, from mere strangers, who might acquire the ferry privilege; and if it does not point to them as the most appropriate recipients of the privilege, seems calculated, at least, to place them on a footing of equality with the most favored class of applicants. In view of these circumstances and of the amendatory act of 1841, which was doubtless dictated by the same considerations, and perhaps by the further motive of affording to the Company some means of making a profit by the ferry, which might come in aid of the construction of the road, we are of the opinion that the Company was entitled to notice of an application to the County Court for the ferry privilege, though made as this was, by the owner of the fee himself. By such notice they would have been

LEXINGTON &c.
T. P. R. Co.
*vs*
McMURTRY.

But though the Company have not the title to the land over which the road passes, yet they have such an interest therein as entitle them to notice of an application by another, for the establishment of a ferry on the road.

enabled, not only to present fairly their own claims to the ferry right, but also, in case it should be granted to another, to present such suggestions with regard to the means of transportation across the river, as their own interest in the subject, which is identical with that of the public, might prompt. The Court too, would thus have had the opportunity of deciding fairly between two parties, each of whom has peculiar claims, upon a full view of the rights and interests of each, and of the public. For although the public interest is the chief thing to be regarded in granting the right of ferry, we suppose the preference given to the owner of the land furnishes some evidence that private right or interest is not to be left wholly out of view. And on this ground the present interest which the Company, as owners of the road, have in the land itself, would seem to entitle them to a participation in that preference. Or if the preference given to the owner of the land be founded solely on a regard to the public interest, and on the assumption that, on account of his position and interest, he will be more attentive to the ferry and to the accommodation of the public than a stranger, a comparison between the owners of the road and the owner of the fee, still leads to the conclusion that on this ground also, the Company should participate in the preference; and such, as we suppose, is the effect of the amendatory act. It seems to us, therefore, that the County Court erred in establishing the ferry on the application of McMurtry, the owner of the fee in the land, when the Lexington, Harrodsburg and Perryville Turnpike Company, the owners of the road from which the ferry is established, had no notice of the application and were not before the Court. It is contended that as the Company can be and has been heard in this Court, upon matters of fact as well as of law, this error should not be deemed prejudicial to them. But as this Court could not, as a revisory tribunal, grant the ferry to the Company, when their claim had not been presented to the County Court, nor passed on by it; and as an affirmance of the grant to McMurtry, if it did not preclude them entirely from presenting their claim, would at least deprive them of the opportunity of presenting it as they

are entitled to do, on an equal footing with him, the force of this argument is not admitted.

Wherefore, the order establishing the ferry in this case, on the application of McMurtry, is reversed, and the cause is remanded, for further proceedings conformable to this opinion: but as the Turnpike Company have made themselves parties by appearing in this Court, no further notice to them will be necessary.

*Morehead & Reed* for plaintiffs: *Robinson & Johnson* for defendant.